UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| AMY GIFALDI, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:4:15-cv-00137-SEB-WGH |
| | ) | |
| THE BETHANY CIRCLE OF KING'S | ) | |
| DAUGHTERS' OF MADISON, | ) | |
| INDIANA, INC. d/b/a KING'S | ) | |
| DAUGHTERS' HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

**THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Amy Gifaldi, M.D. ("Dr. Gifaldi"), by counsel, files this Third Amended

Complaint and Demand for Jury Trial against The Bethany Circle of King's Daughters' of

Madison, Indiana, Inc., d/b/a King's Daughters' Health ("KDH") pursuant to the Equal Pay Act,

29 U.S.C. § 206(d) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e

*et seq.*

## I.     PARTIES, VENUE, AND JURISDICTION

1.     Dr. Gifaldi is a citizen of Indiana and resident of Madison, Indiana.

2.     KDH is a non-profit domestic corporation organized and incorporated under the

laws of Indiana with its principal place of business located in Madison, Indiana.

3.     Dr. Gifaldi is an "employee" of KDH as defined in 29 U.S.C. § 203(e) and in 42

U.S.C. § 2000e-(f).

4.     KDH is an "employer" as defined in 29 U.S.C. § 203(d) and in 42 U.S.C. §

2000e-(b).

5. This Court has personal jurisdiction over Plaintiff and Defendant and venue is proper in this Court.

6. This Court has subject matter jurisdiction over Dr. Gifaldi's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-2 and pursuant to 29 U.S.C. § 206(d) and 28 U.S.C. § 1331.

7. Venue is proper pursuant to 28 U.S.C. § 1391, in that KDH is subject to personal jurisdiction in the New Albany Division of the Southern District of Indiana, KDH regularly conducts business activities within the New Albany Division of the Southern District of Indiana, and a substantial part of the events giving rise to the claims occurred in the New Albany Division of the Southern District of Indiana.

8. Dr. Gifaldi satisfied her requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 21, 2015, alleging gender discrimination and a second Charge of Discrimination with the EEOC on September 1, 2015, alleging gender discrimination and retaliation.

9. On or about October 21, 2015, the EEOC issued two Notices of Right to Sue related to both of Dr. Gifaldi's Charges of Discrimination.

## II.     FACTUAL ALLEGATIONS

10. Dr. Gifaldi incorporates by reference all other paragraphs of this Third Amended Complaint as if fully set forth here.

11. Dr. Gifaldi has been an employee of KDH since 1998.

12. Dr. Gifaldi is one of three general surgeons employed by KDH.

13. Dr. Gifaldi has been a physician for twenty-seven years and a practicing general surgeon for twenty-two years.

14.     Dr. Gifaldi is female.

15.     In 2013, KDH hired Doctor A, a male, to work as a general surgeon at KDH.

16.     For the first several months of Doctor A's employment, he was required to have another surgeon back him up when he was on call and/or in the operating room.

17.     On more than one occasion, Dr. Gifaldi altered her schedule to be able to serve as back up physician for Doctor A.

18.     Doctor A was hired by KDH as a general surgeon directly after his completion of training.

19.     When KDH hired Doctor A, Dr. Gifaldi had twenty more years of experience as a general surgeon than Doctor A did.

20.     On April 1, 2015, KDH renewed Dr. Gifaldi's compensation package.

21.     The contract allowed KDH to avoid an automatic renewal term by giving notice of non-renewal to Dr. Gifaldi by June 16, 2015.   KDH did not give Dr. Gifaldi notice of non-renewal at any time.

22.     KDH pays Dr. Gifaldi an annual base salary of $280,000.00.

23.     In 2015, Dr. Gifaldi discovered that KDH pays Doctor A an annual base salary of $365,000.00.

24.     Dr. Gifaldi has twenty-four years' more experience as a physician and twenty years more experience as a surgeon than Doctor A.

25.     On July 27, 2015, Dr. Gifaldi complained to KDH's Chief Executive Officer, Carol Dozier, about the pay discrepancy between her annual base salary and Doctor A's.

26.     Dozier responded that Doctor A's additional pay was for his fellowship in colorectal surgery.

27.     During the meeting on July 27, 2015, Dozier did not inform Dr. Gifaldi of any workplace complaints about her from staff or physicians did not inform Dr. Gifaldi of any plans to terminate her employment at KDH.

28.     Doctor A was not hired as a colorectal surgeon or specialist.

29.     Doctor A was hired as a general surgeon, and he has had the same position and job responsibilities as Dr. Gifaldi throughout his employment at KDH.

30.     On August 21, 2015, Dr. Gifaldi filed a Charge of Discrimination against KDH alleging gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, and violations of the Equal Pay Act.

31.     On August 27, 2015, through her attorneys, Dr. Gifaldi provided a copy of the Charge of Discrimination to Carol Dozier, CEO of KDH, via email.

32.     A copy of the Charge was also sent to Dozier via certified mail, return-receipt-requested on August 27, 2015.

33.     The delivery receipt for the hardcopy of the Charge was signed for on or about 9:10 a.m. on August 28, 2015.

34.     At approximately 10:14 a.m. on August 28, 2015, Dr. Gifaldi received a text message from Dozier's administrative assistant, Traci Hafer, asking Dr. Gifaldi to meet with Dozier.

35.     Due to surgical responsibilities and patient care requirements, Dr. Gifaldi was not able to meet with Dozier until approximately 2:00 p.m. on August 28, 2015.

36.     Present at the meeting were Dozier and the head of Human Resources, Susie Poling.

37.     At the meeting on August 28, 2015, Dozier provided Dr. Gifaldi a letter notifying her that KDH was terminating her employment contract without cause by providing 120 days' written notice.

38.     KDH's decision to terminate Dr. Gifaldi's employment contract was unrelated to clinical patient care.

39.     KDH's decision to terminate Dr. Gifaldi's employment contract was unrelated to her medical judgment.

40.     KDH's decision to terminate Dr. Gifaldi's employment contract was unrelated to her personal interactions with patients.

41.     KDH's decision to terminate Dr. Gifaldi's employment contract was unrelated to any allegations of medical negligence by Dr. Gifaldi.

42.     The letter Dozier gave Dr. Gifaldi notifying her that KDH was terminated her employment contract stated "[t]he decision to end our relationship was based on your interactions with others in the workplace." The letter described negative workplace interactions as "[c]oncerns include, without limitation, reports by staff members and physicians that you demean/bully them and reports by physicians that they do not want to interact with you." Dr. Gifaldi was purportedly terminated because "[her] interactions with others have resulted in workplace conflict that is not consistent with the culture of professional respect and collegiality that we strive to maintain."

43.     Dr. Gifaldi received one disciplinary letter in July 2013.

44.     Dr. Gifaldi received no additional disciplinary actions from July 2013 until her termination on August 28, 2015.

45.    Dr. A has a documented history of workplace complaints against him for anger management and inappropriate comments and touching.

46.    KDH removed Dr. Gifaldi from patient care, terminated her access to KDH computer systems, and escorted her from the hospital's premises on August 28, 2015.

47.    KDH has not terminated Dr. A's employment.

48.    On September 1, 2015, Dr. Gifaldi filed a second Charge of Discrimination relating to her termination.

49.    KDH took no steps to recruit or hire a replacement for Dr. Gifaldi until after September 1, 2015.

### III.    LEGAL ALLEGATIONS

### Count I:    Equal Pay Act

50.    Dr. Gifaldi incorporates by reference all other paragraphs of this Third Amended Complaint as if fully set forth here.

51.    KDH has paid Dr. Gifaldi less compensation (including wages, salary, bonus, and matching contributions to retirement plans) than that paid to similarly-situated male employees performing equal work requiring similar skill, effort, and responsibilities performed under similar working conditions.

52.    In compensating Dr. Gifaldi for her work as a general surgeon, KDH has violated, and continues to violate, the Equal Pay Act.

53.    KDH willfully violated the Equal Pay Act by persisting in discriminatory pay practices after recognizing the existence of a pay disparity adversely affecting Dr. Gifaldi.

54.    As a result of KDH's willful violation of the Equal Pay Act, Dr. Gifaldi has suffered, and continues to suffer, damages in lost wages, compensation, and benefits.

## Count II:      Equal Pay Act - Retaliation

55.     Dr. Gifaldi incorporates by reference all other paragraphs of this Third Amended Complaint as if fully set forth here.

56.     Dr. Gifaldi complained to KDH in July and August of 2015 regarding KDH paying her lower pay than her similarly-situated male colleague, despite holding equivalent positions.

57.     KDH received notice of Dr. Gifaldi's first Charge of Discrimination prior to notifying Dr. Gifaldi of her termination on August 28, 2015.

58.     KDH's termination of Dr. Gifaldi was retaliatory for her complaints regarding Equal Pay Act (and Title VII) violations.

59.     KDH willfully, knowingly, and intentionally violated Dr. Gifaldi's federal rights by terminating her employment in retaliation for her raising Equal Pay Act concerns.

60.     Dr. Gifaldi has been damaged by KDH's retaliation and continues to suffer damages in the form of lost wages, compensation, and benefits.

## Count III:      Violation of Title VII – Gender Discrimination in Pay

61.     Dr. Gifaldi incorporates by reference all other paragraphs of this Third Amended Complaint as if fully set forth here.

62.     Dr. Gifaldi is female and a member of a protected class.

63.     KDH knowingly and intentionally discriminated against Dr. Gifaldi by treating her differently than similarly situated male employees in the terms and conditions of her employment with respect to compensation, on the basis of her female sex.

64.     KDH paid Dr. Gifaldi less compensation (including wages, salary, bonus, and matching contributions to retirement plans) than that paid to similarly situated male employees

performing equal work requiring similar skill, effort, and responsibilities performed under similar working conditions.

65.     KDH paid Dr. Gifaldi less compensation than that paid to similarly situated male employees because she is female.

66.     Dr. Gifaldi has suffered, and continues to suffer, damages as a result of KDH's discrimination, including lost wages, compensation, benefits, and emotional distress.

67.     KDH acted with malice and reckless disregard of Dr. Gifaldi's federally-protected rights.

### Count IV:     Violation of Title VII – Retaliation

68.     Dr. Gifaldi incorporates by reference all other paragraphs of this Third Amended Complaint as if fully set forth here.

69.     Dr. Gifaldi filed a Charge of Discrimination against KDH with the EEOC for gender discrimination.

70.     KDH's Chief Executive Officer received notice that Dr. Gifaldi filed a Charge of Discrimination one day prior to notifying Dr. Gifaldi of her termination.

71.     KDH terminated Dr. Gifaldi in retaliation for making a Charge of Discrimination against KDH.

72.     KDH willfully, knowingly, and intentionally violated Dr. Gifaldi's Title VII rights by terminating her employment in retaliation for filing a Charge of Discrimination.

73.     Dr. Gifaldi has been damaged by KDH's retaliation and continues to suffer damages in the form of lost wages, compensation, and benefits and emotional distress damages.

**Count V:  Violation of Title VII – Gender Discrimination in Termination**

74.     Dr. Gifaldi incorporates by reference all other paragraphs of this Third Amended Complaint as if fully set forth here.

75.     Dr. Gifaldi is female and a member of a protected class.

76.     KDH knowingly and intentionally discriminated against Dr. Gifaldi by treating her differently than similarly situated male employees in the terms and conditions of her employment with respect to termination, on the basis of her female sex.

77.     KDH's termination letter states that Dr. Gifaldi was terminated from employment, allegedly due to reports by staff and/or physicians at KDH about Dr. Gifaldi's workplace interactions with others.

78.     KDH has received numerous complaints about Doctor A regarding his workplace interactions and misconduct, including inappropriate touching of females.

79.     Upon information and belief, KDH has taken no disciplinary action against Dr. A as a result of complaints of inappropriate actions with others in the workplace.

80.     In terminating her employment, KDH treated Dr. Gifaldi less favorably than similarly situated male employees, because she is female.

81.     Dr. Gifaldi has suffered, and continues to suffer, damages as a result of KDH's discrimination, including lost wages, compensation, benefits, and emotional distress.

82.     KDH acted with malice and reckless disregard of Dr. Gifaldi's federally-protected rights in terminating her employment.

## IV.     RELIEF REQUESTED

Dr. Gifaldi requests the following relief:

        a.      All wages and other economic benefits lost as a result of Defendant's unlawful actions, including, but not limited to, back pay, front pay, and loss of future earning capacity;

        b.      Compensatory damages;

        c.      Liquidated damages;

        d.      Punitive damages;

        e.      Damages for emotional distress, mental anguish, and pain and suffering;

        f.      All costs and reasonable attorney fees incurred in litigating this action;

        g.      Pre-judgment and post-judgment interest; and

        h.      Any and all other legal and/or equitable relief to which Dr. Gifaldi is entitled.

Respectfully submitted,


*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Kathleen E. Field (#28559-49)
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205

## JURY DEMAND

Plaintiff, Amy Gifaldi, M.D., by counsel, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Kathleen A. DeLaney
Kathleen A. DeLaney (#18604-49)
Kathleen E. Field (#28559-49)
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CMECF system.

Gregory Kult
Leeann P. Simpkins
Wooden McLaughlin LLP
greg.kult@woodenmclaughlin.com
leeann.simpkins@woodenmclaughlin.com

/s/ Kathleen A. DeLaney
Kathleen A. DeLaney (#18604-49)

DeLaney & DeLaney LLC
3646 N. Washington Boulevard
Indianapolis, Indiana 46205
Tel. (317) 920-0400

11